UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-09-426-1 |
| § | CIVIL ACTION NO. H-15-1827 |
| § | |
| UMAWA OKE IMO, § | |
| § | |
| Defendant-Movant. § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Umawa Oke Imo's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 751), and Memorandum in Support (Doc. 751-1); Movant's Motion to Supplement § 2255 Motion (Doc. 809); the United States' Memorandum Response to § 2255 Motion (Doc. 826); and Judge Stacy's Memorandum and Recommendation that the Court deny in part the § 2255 Motion, that an evidentiary hearing be held on the remaining claim, and that Movant's Motion to Supplement § 2255 Motion be denied as time-barred (Doc. 829). No objections were filed to the Memorandum and Recommendation.

Where no party objects to the Magistrate Judge's Memorandum and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether it is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or

she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

After carefully considering the record and the applicable law, the Court adopts the Magistrate Judge's Memorandum and Recommendation. In accordance with the recommendation made therein, it is hereby

ORDERED that the Court will hold a limited evidentiary hearing to determine whether Imo has met his burden of showing prejudice with respect to his claim that his appellate counsel was ineffective by failing to appeal this Court's two level obstruction of justice enhancement pursuant to U.S.S.G. § 3C1 based on Imo's failure to provide financial information to the Probation Department. The remaining claims in Movant's § 2255 Motion (Doc. 751) are denied.

Imo has not filed a financial affidavit or a Declaration in Support of a Request to Proceed In Forma Pauperis as requested by the Magistrate Judge, so the Court cannot determine whether Imo is eligible for court-appointed counsel. Therefore, the Court assumes Imo wishes to retain his own counsel for the evidentiary hearing. Imo's counsel shall enter a notice of appearance with the Court prior to the hearing. It is further

ORDERED that Movant's Motion to Supplement § 2255 Motion (Doc. 809) is DENIED as time-barred.

SIGNED at Houston, Texas, this 21st day of November, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE